**FILED**

SEP 27 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE FACEBOOK ACCOUNT IDENTIFIED BY THE USERNAME AARON.ALEXIS THAT IS STROED AT PREMISES CONTROLLED BY FACEBOOK, INC. | Case 1:13-MJ-742 (JMF) |

### SEARCH AND SEIZURE WARRANT ORDER

This matter came before the Court on an application for a warrant pursuant to Rule 41 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 2703(a), (b) and (c) to compel Facebook, Inc. to disclose certain records and contents of electronic communications relating to the Facebook account identified by the user name "Aaron.Alexis" ("the Account") that are in the custody and control of Facebook, Inc. For reasons that will be explained in a forthcoming Memorandum Opinion, this Court finds that the government's request is overbroad under the Fourth Amendment because of the unwarranted invasion into the privacy of third parties. However, the government has shown probable cause sufficient to entitle them to the items detailed in this Order, so the warrant shall issue for the following items.

It is hereby **ORDERED** that:

1. Facebook, Inc. is instructed to comply strictly with the terms of this Order and to provide only the following materials to the government:

    a. All contact and personal identifying information related to the Account, including the Account holder's full name, user identification number, birth date, gender, contact e-mail addresses, Facebook login details, physical addresses (including

      city, state, and zip code), telephone numbers, screen names, websites, billing information, and other personal identifiers associated with the Account;

  b. All records relating to use of the Account, including session times, login/logout times, IP addresses from which it was accessed, and the types of services used;

  c. All records related to the Account's privacy settings;

  d. All activity logs for the Account and all other records showing the Account's posts, messages, and other activities on Facebook;

  e. All photos and videos uploaded by the Account;

  f. All records—but not content—relating to the Account's list of friends, including any friend requests that were pending or rejected;

  g. All records of communications—but not content—sent to the Account from another account or group, including the user ID of that account or group and the user name of the account or group, the date and time of the communication, whether attachments existed (subject to the limitations expressed *infra*); and

  h. All records—including content—of communications generated by or sent from the Account to any other user or group (including postings).

2. Facebook, Inc. is instructed to comply strictly with the terms of this Order and is **PROHIBITED** from providing the following materials to the government without an additional Order from this Court:

  a. The contents of any communications sent to the Account;

  b. Photos and videos uploaded by other users, even if Aaron Alexis is "tagged" or otherwise mentioned or identified in the photos or videos; and

    c.  Any records or details about any groups of which the Account was a member, including those that were "liked" or of which the Account was a "fan" (or other similar term) other than the user ID and name of the user or group.

3. Upon receipt of the above-described records and content, the government will then conduct a search to determine which relate to the following areas of investigation, as identified in the government's application. These areas are:

    a.  Allegations that Aaron Alexis violated:

        i.  18 U.S.C. § 1111;

        ii.  18 U.S.C. § 1113;

        iii.  18 U.S.C. § 1114;

    b.  Records and content related to the identity of Alexis;

    c.  Records and content related to any targeting of, or plans to attack, the Washington Navy Yard or individuals working or present there;

    d.  Records and content related to any other attacks planned or carried out by Alexis;

    e.  Records and content related to the motive of Alexis for the attack, including evidence of mental illness;

    f.  Records and content related to whether Alexis had any accomplices in planning or carrying out the attack on the Washington Navy Yard or individuals working or present there;

4. All records and content that the government determines are **NOT** within the scope of the investigation, as described above, must either be returned to Facebook, Inc., or, if copies (physical or electronic), destroyed.

**SO ORDERED.**

September 27, 2013

                                                _/s/ John M. Facciola_
                                                JOHN M. FACCIOLA
                                                UNITED STATES MAGISTRATE JUDGE